**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| United States of America, | Crim. No. 05-433 (1) (RHK/AJB) |
| Plaintiff, | |
| v. | **ORDER** |
| Eleazer Villegas-Carreon, | |
| Defendant. | |

---

Defendant has filed a notice of appeal, (Docket No. 80), seeking direct appellate review of the judgment of conviction and sentence in this matter. The case is presently before the Court on Defendant's motion for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 81.)

A litigant who seeks to be excused from paying the statutory filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In this case, Defendant's IFP application indicates that he is not presently employed, and that he is not receiving any income at this time, except for an occasional small cash gift from his brother. Defendant further represents that he has no assets of any significance. Based on the information furnished in Defendant's IFP application, and the representations made by Defendant's counsel in his notice of appeal, the Court finds that Defendant is financially eligible to proceed IFP on appeal.

Although Defendant has not identified any grounds for appeal that are likely to be successful, the Court does not find his appeal to be "frivolous," as that term has been defined by the Supreme Court. Therefore, Defendant's appeal is found to be taken "in good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and his IFP application will be granted.[1]

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Defendant's motion to proceed in forma pauperis on appeal, (Docket No. 81), is GRANTED.
Dated: September   19  , 2006

s/Richard H. Kyle<br>
RICHARD H. KYLE<br>
United States District Court Judge

---

[1] The Court notes that Defendant was found to be indigent at the outset of this case, and that a public defender was appointed to represent him in this matter. Although Defendant later retained private counsel to defend him, the Court has no reason to believe that his financial situation improved after this case was initiated. It therefore appears that Defendant is automatically entitled to proceed IFP under Fed. R. App. P. 24(a)(3). However, to eliminate any possible doubt about the matter, Defendant's pending IFP application will be granted.