**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| United States of America, | Criminal No. 05-433 (1) (RHK/AJB) |
| | Civil No. 08-521 (RHK) |
| Plaintiff, | **ORDER** |
| v. | |
| Eleazar Villegas Carreon, | |
| Defendant. | |

_____

Before the Court is Defendant's Motion Pursuant to 28 U.S.C. § 2255. In 2006, Defendant pleaded guilty to conspiracy to possess with the intent to distribute more than 50 grams of methamphetamine. He was sentenced to a term of imprisonment of 108 months; that sentence was affirmed on appeal. See United States v. Carreon, 256 Fed. Appx. 870, 871 (8th Cir. 2007).

Defendant asserts two grounds for relief in the pending Motion:

1. His plea of guilty was unlawfully induced and entered without an understanding of its consequences; and

2. His counsel provided insufficient assistance at his change of plea hearing and at his sentencing.

A review of the record, including transcripts of his change of plea hearings (there were two) and his sentencing demonstrate, beyond any reasonable doubt, that the claims now asserted are without merit.

With respect to the change of plea hearings, counsel, and the Court, explained in detail the possible sentencing guidelines calculations, including that such calculations were not binding on the Court.  The Court also explained to Defendant that there were two possible guidelines calculations depending on the final determination of the purity of the controlled substance involved.  Defendant asserted, under oath, that he understood all of this and had discussed this with his lawyer.  There is simply no basis for the present assertion of Defendant that he did not know, or understand, the consequences of entering a guilty plea under the circumstances present here.

His insufficient assistance of counsel fares no better.  Reduced to its essence, Defendant believes that his counsel should have prevented the government from retesting the controlled substance at issue here and he should have been sentenced with a lower guidelines range.  Unfortunately, the facts were otherwise, and defense counsel was in no position to change them.  When he entered his guilty plea, he was advised of the higher guidelines range, acknowledged it, and proceeded with his guilty plea.  Under Strickland v. Washington, 466 U.S. 668, 687-88 (1984), Defendant must demonstrate that "counsel's representation fell below an objective of reasonableness," and that there is "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."  In this matter, Defendant has failed, by a wide margin, to make either showing.

Based on the foregoing, the Motion must be denied.  Before Defendant may file a Notice of Appeal with respect to this Order, he must secure a Certificate of Appealability.  A review of the proceedings now before this Court demonstrates that there has been no

showing, much less a substantial showing, of a denial of a constitutional right of Defendant.

Accordingly, and upon all the files, records and proceedings herein, **IT IS ORDERED**:

1. Defendant's Motion Pursuant to 28 U.S.C. § 2255 (Doc. No. 91) is **DENIED**; and

2. The Court **DECLINES** to issue a Certificate of Appealability.

Dated: February 2, 2009

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge